Requestor: Jeffrey N. Mis, Esq., City Attorney City of North Tonawanda City Hall 216 Payne Avenue North Tonawanda, New York 14120-5489
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the City of North Tonawanda is authorized to defend and indemnify a police officer in a civil action brought against him by another officer on the grounds of sexual harassment under Title VII of the Civil Rights Law, 42 U.S.C. § 2000(e), et seq., and section 1983 of Title 42 of the United States Code.
You have informed us that the city council adopted a local law which provided for the defense and indemnification of city officers and employees and included the defense of actions brought under sections 1981 or 1983 of Title 42 of the United States Code. You inquire whether this local law can authorize the city to defend the subject employee even though there are no allegations in the complaint indicating that the actions complained of occurred in the scope of the officer's employment.
We note that every city, county, town and village is liable for any negligent act or tort of a police officer provided that the negligent act or tort is committed while the officer is acting in the performance of his duties and within the scope of his employment. General Municipal Law § 50-j(1). Additionally, a local government in its discretion may provide for the defense and indemnification of a police officer in any civil action or proceeding seeking punitive or exemplary damages arising out of a negligent act or tort of the police officer committed while in the proper discharge of his duties and within the scope of his employment. Id., § 50-j(6)(a). Thus, under this provision defense and indemnification is limited to actions taken by the police officer within the scope of his public employment and duties.
Section 18 of the Public Officers Law authorizes and establishes the procedure for defense and indemnification of local government officers and employees. Its provisions apply upon the decision of the local governing body to confer the benefits of the section upon its employees. Section 18 provides that a public entity must provide for the defense of an employee "in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties". Public Officers Law § 18(3)(a). The public entity is required to indemnify and save harmless its employees in the amount of any judgment obtained against an employee in a State or Federal court or in the amount of any settlement of a claim, provided that the act or omission occurred while the employee was acting in the scope of his public employment. Id., § 18(4)(a).
Under section 18 of the Public Officers Law defense and indemnification can only occur with respect to acts or omissions occurring or allegedly occurring while the employee was acting within the scope of his public employment or duties. We note that there is a similar limitation in section 17 of the Public Officers Law, governing State employees.
The authority of local governments to provide for defense and indemnification by local enactments has been recognized. See, Corning vLaurel Hollow, 48 N.Y.2d 348, 354 (1979). We have found that section18 of the Public Officers Law does not preempt the local establishment of defense and indemnification provisions. Informal Opinion No. 87-28. Section 18 expressly states that its provisions may replace or supplement other defense and indemnification enactments. Public Officers Law § 18(12). Thus, a local government may elect defense and indemnification under section 18, continue to provide for defense and indemnification under a local enactment or supplement local enactments with the provisions of section 18. Informal Opinion No. 87-28.
 "Had the Legislature desired to make section 18 the exclusive format for defense and indemnification, it could easily have so provided. Instead, local governing bodies expressly are given the option of retaining local enactments and supplementing them through the application of section 18." Ibid.
Thus, consistent with our prior opinion, a local government by local law may supplement section 18 with additional defense and indemnification coverage, as the City of North Tonawanda apparently has done. We believe, however, that defense and indemnification may be provided only with respect to actions within the scope of the employee's public employment or duties. 1988 Op Atty Gen (Inf) 44. The expenditure of funds regarding actions that are outside the scope of public employment would constitute an unconstitutional gift of public funds under Article VIII, § 1 of the New York State Constitution. Ibid. Undoubtedly, this is the basis for statutory restrictions in General Municipal Law §50-j and Public Officers Law §§ 17 and 18.
The complaint alone does not determine the municipality's duty to provide a defense. Beare v Byrne, 103 A.D.2d 814 (2d Dept 1984). A decision whether the alleged act occurred within the scope of public employment should be made objectively, based on the actual facts of the case. Ibid. The duty to defend is broader than the ultimate obligation to indemnify.O'Neill v County of Westchester, 131 A.D.2d 722 (2d Dept 1987).
We conclude that a local government by local law may provide for defense and indemnification of employees as to civil actions brought against them under the provisions of civil rights laws. Defense and indemnification, however, is limited to actions committed within the scope of public employment.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.